DOROTHY V. RICHMOND, Next Friend of Samuel White Richmond, et al. *v.* ETHEL F. RICHMOND, Committee.

[No. 30, October Term, 1933.]

*Decided November 14th, 1933.*

The cause was argued before BOND, C. J., URNER, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*Oscar Samuelson* and *Harry J. Green,* with whom were *Weinberg & Sweeten* on the brief, for the appellants.

*James Steele* and *Charles T. Reifsnider,* for the appellee.

URNER, J., delivered the opinion of the Court.

A petition filed by the appellee on November 30th, 1928, in the court below, alleged that her husband, Samuel White Richmond, was then, and had been for more than a month, in a state of unconsciousness in consequence of injuries received in an automobile accident, and that, as he was injured in the course of his employment as a traveling salesman, a claim should be made in his behalf under the Workmen's Compensation Law (Code art. 101, sec. 1, *et seq.,* as amended), for which purpose, and for the collection of certain disability insurance to which he was entitled, the petitioner asked to be appointed as her husband's committee. Accompanying the petition were certificates of two physicians, stating that the petitioner's husband was suffering from a severe contusion of the brain, and had not recovered consciousness since the accident, and that it would probably be several months before he could return to work or "attend to matters requiring conscious thought." Upon the basis of the facts thus presented the chancellor appointed the appellee as committee of her husband's property and estate, with authority to file and prosecute his claim under the Workmen's Compensation Law, and to collect all money payable to him, and to use such amount of his funds as might be needed for his care and maintenance. The order of appointment stated that it was temporary and intended to continue in effect only until the improved mental condition of the petitioner's husband would enable him to manage his affairs and permit the discharge of his committee.

Three years later the appellee, desiring to be relieved of further service as committee, filed a petition to that end,

and with it submitted a statement, under oath, of her receipts and disbursements. To the audit, based on that statement, exceptions were filed by a niece of Samuel White Richmond in the character of his next friend. Meanwhile he had in his own name filed a petition referring to the application of his wife to be discharged as committee of his estate and requesting that his nephew, James M. Richmond, Jr., be appointed as her successor. The exceptions to the audit alleged that Mrs. Richmond had not accounted for various sums received by her as committee in the course of her administration. After a hearing, the court below overruled the exceptions and, with a minor correction, ratified the audit. From the order of ratification the niece and nephew, in their respective capacities of next friend and newly appointed committee, have appealed.

The appellee in her report as committee charged herself with receipts aggregating $6,282.65 for the entire period of her administration, and credited herself with expenditures to the total amount of $6,180.46. Additional receipts of $336 were reported by her to the auditor. When allowances had been made for commissions, costs, a counsel fee, and some items of expense incurred after the committee's report was filed, an overpayment of $188.88 was indicated. The receipts of the committee were mainly from the liability insurance of her husband's employer, and from benefits payable by a commercial travelers' association of which her husband was a member. There were payments which accrued to him also from a life insurance company, in sums totaling $1,094.85, and from an accident insurance company to the amount of $725, and there was a savings bank account in his name with a balance of $255. All of those funds were received by the appellee, but she reported only $657.36 of the life insurance money and no part of the accident insurance payments or the savings account. The exceptions were directed to those omissions.

At the hearing on the exceptions it was stated by the appellee in her testimony that some of her receipts as committee were deposited in a bank account which was subject

to the checks of either her husband or herself; that he personally received and used 'the money not reported and audited, and that her accounts as committee were under his control; that she lived with him until November, 1930, but they had since been living apart; and that he had recently been employed as a salesman for a tailoring company. Though summoned to the hearing, he did not appear. No testimony was offered to contradict the appellee's statement as to the actual disposition of the funds to which the exceptions refer. As her husband appears to have recovered sufficiently, both in mind and body, to resume his occupation as a salesman, and to dominate his wife's management of his pecuniary interests, there is no reason apparent from the record why her committeeship should have been so long continued. His actual receipt of the funds in question is beyond any doubt, unless the appellee's uncontradicted testimony to that effect is to be disregarded. The exceptant opposed the admission of that evidence upon the theory that it was not permissible for the appellee to testify as to receipts and disbursements which she had failed to report to the tribunal in which she was accountable. This objection was properly overruled. It was permissible for the appellee to explain why the omission from her report had occurred. The balancing omitted items of receipts and disbursements could have been inserted in a revised audit, but the chancellor evidently considered such a revision unnecessary in view of the undisputed facts.

In the course of her testimony the appellee said that some of the unreported money had been spent by her husband in "card playing." It is argued by the appellants that the committee should not be relieved of liability for funds allowed to be used for such a purpose. Since the appellee was not invested as committee with any personal authority over her husband, but was appointed only for the temporary care of his estate, and since his use of the money which he withdrew from her custody was beyond her control, there is no occasion to charge her with responsibility for his conduct in regard to its disposition.

There is no ground in the record for a conclusion that the appellee failed to apply properly any part of the funds which she received as her husband's committee, or that there is any liability, on account of her administration of that trust, with which she or her bond can justly be charged.

*Order affirmed, with costs.*